BLUE CROSS HOSPITAL SERVICE,
INC. OF MISSOURI, et al.,
Plaintiffs-Respondents/Cross-Appellants,
v.
J.H. FRAPPIER, Director, Department
of Consumer Affairs, et al.,
Defendants-Respondents,

The Missouri Psychological Association,
a Missouri not-for-profit corp.,
Intervenor-Defendant/Respondent,

Missouri Pharmaceutical Association, et
al.,
Intervenors-Defendants-Appellants/
Cross-Respondents.

No. 65881.

Supreme Court of Missouri,
En Banc.

Oct. 16, 1985.

Robert F. Schafly, Max O. Bagby, Michael A. Dallmeyer, Lewis R. Mills, J. Jackson Sisle, Charles G. Siebert, Jefferson City, for plaintiffs-respondents/cross-appellants.

William L. Webster, Atty. Gen., Melodie A. Powell, Richard L. Wieler, Asst. Attys. Gen., Jefferson City, Daniel P. Card, II, St. Louis, Duane Benton, Harvey M. Tettlebaum, Jefferson City, for defendants-respondents.

Bruce J. Ennis, Jr., David W. Ogden, Margaret Farrell Ewing, Washington, D.C., Thomas H. Rost, Jefferson City, amici curiae.

SUPPLEMENTAL OPINION
FOLLOWING REMAND

BLACKMAR, Judge.

Plaintiffs-Respondents/Cross-Appellants Blue Cross Hospital Service, Inc. of Missouri, Blue Cross and Blue Shield of Kansas City, and Missouri Medical Service, health service corporations, prosecuted an appeal to the Supreme Court of the United States from our decision of December 18, 1984, 681 S.W.2d 925 (Mo. banc 1984). That Court vacated, —— U.S. ——, 105 S.Ct. 3471, 87 L.Ed.2d 608 (1985), our judgment and remanded the case to us "for further consideration in the light of *Metropolitan Life Insurance Co. v. Massachusetts*, 471 U.S. ——, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985)." Following additional briefing and oral argument, we conclude that our judgment was consistent with that holding and the same is readopted as published.

The remand relates only to Part 3 of our opinion, in which we held that our statutory

provisions requiring health insurers (1) to allow insureds to select chiropractors for covered services within the scope of their licenses;[1] (2) to provide like coverage for the services of psychologists;[2] and (3) to permit the assignment of the insureds' right to reimbursement for drugs and medicines to pharmacists, whether or not they have contracts with insurance carriers or health service organizations,[3] were within the insurance exemptions of ERISA, 29 U.S.C. § 1144(b)(2)(A) (1982), and therefore were not preempted by the provisions of that act. 29 U.S.C. § 1144(a) (1982).

In *Metropolitan Life*, Massachusetts required health insurers to provide certain benefits for "mental illness." The Supreme Court characterized provisions of this kind as "mandated benefit" provisions, and held that the Massachusetts requirements regulated the terms of insurance contracts in a manner which Congress, in enacting ERISA, had elected to leave to the states. The Court discussed other kinds of regulations, and gave specific attention to "mandated provider" requirements such as our statutes just mentioned contain relating to psychologists and chiropractors, observing in footnote 9 that a substantial number of states required that health insurance policies cover the services of optometrists. Provisions for assignment of insureds' claims to pharmacists were not discussed in the opinion, but are closely related to mandated provider provisions in that they operate to allow the insured greater freedom in the selection of pharmacists.

The health service organizations argue, however, that the discussion of mandated provider legislation in *Metropolitan Life* is dictum and that mandated provider statutes do not constitute the regulation of insurance. They argue, (1) that the spreading of risk is the hallmark of insurance,

and (2) that mandated provider statutes do not relate to the spreading of risk inasmuch as the health insurers have already assumed the risk that insured members might require treatment which chiropractors or psychologists are licensed to provide, or might require medication. They place strong reliance on *Group Life and Health Insurance Co. v. Royal Drug Co.*, 440 U.S. 205, 99 S.Ct. 1067, 59 L.Ed.2d 261 (1979), which holds that contracts between health insurers and pharmacists do not constitute the "business of insurance" so as to be exempt from antitrust regulation under the McCarran-Ferguson Act even though they affect the price of medicines which the insurers have contracted to furnish their insureds.

We see nothing in *Metropolitan Life* which supports the arguments made. There the Court pointed out that *Royal Drug* did not deal with "laws regulating the substantive content of insurance contracts." *See* footnotes 19 and 21. Our statutes clearly relate to the benefits available to insured persons under health insurance contracts. Without the statute, the insured could obtain the services of chiropractors and psychologists only by paying for them, even if of the opinion that their services would provide the most effective therapy for the problem at hand. The insured might have to obtain medicines from a pharmacy at a remote location, or which was not open at convenient hours.[4] We see no viable distinction between the mandated benefit provisions involved in *Metropolitan Life* and our mandated provider statutes.

Inasmuch as our challenged statutes "regulate insurance" so as to be immune from ERISA's preemption, we do not have to decide whether the statutes "relate to any employee benefit plan." The insurance exemption is adequate to decide the case.

1. Mo.Rev.Stat. § 375.936(11)(b) (Supp.1983); Mo.Rev.Stat. § 354.027 (Supp.1983).

2. Mo.Rev.Stat. § 375.936(11)(b) (Supp.1983); Mo.Rev.Stat. § 354.027 (Supp.1983).

3. Mo.Rev.Stat. § 354.095 (Supp.1983).

4. Even if the insured may obtain covered drugs from non-contracting pharmacists, bearing any excess cost themselves, the pharmacist might not be willing to extend credit without the assignment.

The judgment is reversed and the case remanded with the directions set out in our initial opinion.

HIGGINS, C.J., and BILLINGS, WELLIVER, RENDLEN, JJ. and REINHARD, Special Judge, concur.

DONNELLY, J., dissents.

ROBERTSON, J., not sitting.